Filed 6/11/25  P. v. Sandoval CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT SANDOVAL,<br><br>    Defendant and Appellant. | B337501<br><br>(Los Angeles County<br>Super. Ct. No. BA130000) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed in part, dismissed in part.

　　　　Susan Morrow Maxwell, under appointment by the Court of Appeal; Gilbert Sandoval, in pro per., for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

_____

In 1997 a jury convicted Gilbert Sandoval of first degree murder; attempted willful, deliberate, and premeditated murder; and second degree robbery (two counts).  The trial court sentenced Sandoval to, among other terms, life without the possibility of parole and life with the possibility of parole.

In 2024 Sandoval filed a motion for resentencing under Penal Code section 1172.1 or, in the alternative, for other relief.[1] Among other things, Sandoval asked for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve youth-related mitigating evidence for a future youth offender parole hearing under section 3051.  The trial court denied Sandoval's motion under section 1172.1 and the request for a *Franklin* hearing, and Sandoval appealed.

We appointed counsel to represent Sandoval.  After reviewing the record, appellate counsel for Sandoval filed a brief that did not identify any arguable issues.  After independently reviewing the record and the contentions Sandoval asserted in a three-page supplemental brief (which included 33 pages of exhibits), we have not identified any either.  Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In March 1996 Sandoval and Raymond Mendoza robbed two small markets.  In the first robbery Sandoval, at gunpoint, took $300 from the victims.  In the second robbery Sandoval shot and killed the man he robbed, and shot another man who was coming to aid the first man.  The second man survived.

In October 1997 a jury found Sandoval guilty of first degree murder (§ 187) and found true allegations that he committed the

---

[1]     Statutory references are to the Penal Code.

murder while committing a robbery (§ 190.2, subd. (a)(17)) and that a principal was armed with a firearm (§ 12022, subd. (a)(1)). The jury also found Sandoval guilty on one count of attempted willful, deliberate and premeditated murder (§§ 187, subd. (a), 664) and two counts of second degree robbery (§ 211). On the attempted murder and robbery convictions the jury found true related firearm allegations (§§ 12022, subd. (a)(1), 12022.5, subd. (a)) and an allegation Sandoval personally inflicted great bodily injury (§ 12022.7, subd. (a)).

The trial court sentenced Sandoval on the murder conviction to life in prison without the possibility of parole, plus one year for the firearm enhancement, and on the attempted murder conviction to life with the possibility of parole, plus four years for the firearm enhancement and three years for the great bodily injury enhancement. On each of the two robbery convictions the court sentenced Sandoval to the upper term of five years, plus 10 years for the firearm enhancement (though the court stayed execution of the sentence on one of the two robbery convictions under section 654).

### B.     *The Trial Court Denies Sandoval's Motion for Resentencing and Other Relief*

On February 29, 2024 Sandoval filed a motion titled "Motion Pursuant to Penal code 1203.01 Amendment—Franklin Per PC 1170 – AB 2942 Of law of code of civil pro Sec 187." The motion made several arguments and cited various bills and statutes Sandoval claimed supported his motion.

First, Sandoval argued he was "entitled to a hearing to make a record of mitigation evidence tied to his youth" under *Franklin*, *supra*, 63 Cal.4th 261 because he "was a Juvenile at

the age of 24" when he committed the crimes and therefore should have "an opportunity to make a record relevant to his 'eventual youthful offender parole hearing.'" Second, Sandoval claimed he was entitled to resentencing because of various changes in the law, including legislative changes to sections 667, subdivision (a)(1), 1385, 1170, and 1170.1. Finally, Sandoval asked the court to dismiss his "legally invalid enhancements" because of changes to the law, including the Racial Justice Act (§§ 745, subd. (a), 1473).

On March 1, 2024 the superior court denied Sandoval's motion. The court stated: "Petitioner/defendant cites many different codes, bills, and cases. None of which are applicable to him. To the best this court can discern, he is requesting a recall of his sentence under Penal Code section 1172.1."[2] The court ruled "section 1172.1(c), does not authorize the Petitioner/defendant to move the court to recall a sentence under this section. Furthermore, should the Petitioner/defendant do so, the court is not required to respond to the request. However, this court responds by way of this order. [¶] Although the court acknowledges its new authority to recall a sentence after the 120 days have passed, it chooses not to exercise it. This court was not the trial court. The defendant was sentenced to [life without the possibility of parole]. It appears this sentence

---

[2]     Section 1172.1, subdivision (a)(1), states "the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."

4

reflects the statutorily required sentence for the crimes committed by the Petitioner, therefore, the court declines to recall the sentence."

The superior court also concluded the other statutes Sandoval cited did not apply. Specifically, the court ruled "[t]he reference the Petitioner/defendant makes to AB2942 is inapplicable. That bill concerned the authority of the District Attorney to ask for a recall of a sentence. [¶] The reference to 'Franklin' is inapplicable to the Petitioner/defendant as he was sentenced to [life without the possibility of parole], and, therefore, is not entitled to a parole hearing. [¶] AB518 refers to unemployment laws. [¶] AB1118/Penal Code section 745 refers to the Racial [Justice] Act. The Petitioner/defendant did not include any information as to how this might apply to him, and therefore, this claim is denied as insufficient. [¶] Finally, the Petitioner/defendant refers to sentencing on the enhancements. While there have been some changes to the manner in which a sentencing court applies some enhancements, none of these changes apply to the Petitioner/defendant. Receiving the ameliorative benefits of the changes in the law is often dependent upon the finality rules. The Petitioner/defendant's case was final many, many years before any of the changes cited by him. Therefore, he does not receive the benefit of these changes." Sandoval timely appealed.

## DISCUSSION

We appointed counsel to represent Sandoval in this appeal. After reviewing the record, counsel did not identify any arguable issues. On February 25, 2025 counsel advised Sandoval that she was filing a brief stating she was unable to find any arguable

issues, that Sandoval could personally submit a letter brief stating any contentions he believed the court should consider, and that this court would dismiss the appeal if he did not file one. Counsel also stated in her declaration she sent Sandoval "the transcripts of the record on appeal and a copy of this brief."

On May 1, 2025 we received a three-page supplemental brief from Sandoval, which attached 33 pages of exhibits.[3] In his supplemental brief Sandoval argues that his trial counsel "never fully invested his ability to [his] case" and that he was denied effective assistance of counsel. He also argues that he "never intended to kill anyone" and that he is "no longer that drug addicted person" who "deserve[s] to be" serving a sentence of life without the possibility of parole.

The only way Sandoval can argue he received ineffective assistance of counsel, however, is in a petition for writ of habeas corpus or, in limited circumstances, in a direct appeal. (See *People v. Mickel* (2016) 2 Cal.5th 181, 198; *People v. Zaheer* (2020) 54 Cal.App.5th 326, 335; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477.) This appeal from a postjudgment order is neither.

Regarding whether Sandoval no longer deserves a sentence of life without the possibility of parole, the superior court denied Sandoval's request for resentencing under section 1172.1. That order is not appealable. As the court stated in *People v. Faustinos* (2025) 109 Cal.App.5th 687, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if

---

[3] The exhibits included statements from correctional officers, a letter to the Governor from Sandoval's half sister, and certificates of competition and recognition indicating Sandoval had completed certain courses and training.

6

he nevertheless files one.  It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights.  We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos*, at p. 696.)  Sandoval's appeal from the order denying his motion for resentencing under section 1172.1 must be dismissed.  (See *ibid*.)

Neither Sandoval nor his appellate counsel has identified a cognizable legal issue.  Our independent review has not identified one either.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

Sandoval's appeal from the part of the order denying his motion under section 1172.1 is dismissed.  The order is otherwise affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.                STONE, J.

7